# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 3:11-00220 |
| | ) | Judge Sharp |
| **JERRY LEE CONWAY** | ) | |

## ORDER

In this case which was transferred from the United States District Court for the Western District of Tennessee, Defendant has filed a Motion for Early Termination of Supervised Release (Docket No. 22). While the United States Probation Office neither supports nor opposes early termination of Defendant's supervision, the Government has filed a response in opposition (Docket No. 25). Having considered all of the relevant factors under 18 U.S.C. 3553(a) as required by 18 U.S.C. 3583(e), the Court will deny Defendant's request.

According to the record, Defendant plead guilty to one count of possession of firearm by a previously convicted felon. The Guideline calculations produced a final offense level of 19, and a criminal history category of V, resulting in a Guidelines sentencing range of 57-71 months. On June 17, 2009, Judge James D. Todd sentenced Defendant to 64 months imprisonment and three years of supervised release. His term of supervised release is presently set to expire August 30, 2014.

In his moving papers, Defendant asserts that, since his release, he has been gainfully employed,[1] and, indeed, he attaches a letter from his employer at Appalachian Wood Products who

---

[1] Apparently, Defendant was seriously injured in a recent four wheeler accident, but has regained his ability to drive and returned to work.

1

states that Defendant is a "trustworthy and reliable employee[.]" (Docket No. 22-5). Defendant also states that he continues to abide by the terms of his release and that he has passed all drug screens. He attends the Plateau Mental Health Center, which, by letter, has confirmed that he attends his scheduled counseling sessions and actively participates in those sessions. (Docket No. 22-4). Additionally, his parents have submitted a letter in which they indicate that Defendant has had a more positive attitude since being released from prison, that he is trying to better himself, that he is hard-working and giving, and that he has apologized to them for his past actions. (Docket No. 22-2). Finally, Defendant indicates that he "has been placed as custodial parent to his minor daughter" by the Juvenile Court in Carroll County, Tennessee. (Docket No. 22 at 3).

"Supervised release may be terminated after one year, pursuant to 18 U.S.C. § 3583(e)(1), if the defendant's conduct warrants termination, and it is in the interests of justice." United States v. Campbell, 2006 WL 3925588 at *1 (6th Cir. July 25, 2006) (citing, United States v. Spinelle, 41 F.3d 1056, 1058 (6th Cir. 1994)). "Early termination is a discretionary decision warranted in cases of changed circumstances, such as where the defendant exhibits 'exceptionally good behavior.'" Id. Here, based upon Defendant's own representations, it would appear that he has conducted himself well under supervision (with one possible glitch to be discussed below), and he is to be commended for his efforts. However, Section 3583(e) states that the Court may terminate supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released *and* the interest of justice[.]" 18 U.S.C. 3583(e)(1) (emphasis added). " The conjunction 'and' used in the statute clearly indicates that a district court must conclude that the early termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." United States v. Suber, 75 Fed. Appx. 442, 444 (6th Cir. 2003).

2

Here, Defendant has not shown, and the Court does not find, that it would be in the interest of justice to terminate his supervised release at this time. Defendant was convicted of a serious crime, a crime for which Judge Todd, based upon the Section 3553(a) factors, found it appropriate to impose a prison sentence of more than five years, followed by three years of supervised release.

Moreover, Defendant's release has not been entirely trouble-free. On September 24, 2012, the Probation Office petitioned the Court to issue a summons for him to answer charges that he violated the terms of his supervised release by assaulting his live-in girlfriend. While the Petition was dismissed by the Government after the State of Tennessee chose not to file charges, the allegations contained in the Petition (though not proven) are serious and cause for concern.

In short, the Court is not convinced that ending Defendant's supervised release period would be in the interest of justice. Continuing Defendant under the terms of his supervised release can only help to insure that Defendant continues to obey the law and fulfill his obligations.

Accordingly, Defendant's Motion for Early Termination of Supervised Release (Docket No. 22) is hereby DENIED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE